Filed:  September 17, 1996

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

Nos. 95-2743(L)
(CA-92-370-K)

———————

Frontier Communications of the Mid Atlantic,
Inc., etc., et al,

Plaintiffs - Appellants,

versus

Long Distance Services, Inc., etc., et al,

Defendants - Appellees.

———————

O R D E R

———————

The Court amends its opinion filed September 4, 1996, as
follows:

On page 2, section 2 -- the panel information is corrected to
read "Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.*"

On page 3, first full paragraph, line 4 -- a space is added
between "§ 1962(a)," and "(c)-(d)."

On page 3, second full paragraph, line 7 -- a period is added
after the "A" in "U.S.C.A."

For the Court - By Direction

/s/ Patricia S. Connor

Acting Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| FRONTIER COMMUNICATIONS OF THE MID ATLANTIC, INCORPORATED, formerly known as Mid Atlantic Telecom, Incorporated; WALTER C. ANDERSON,<br><u>Plaintiffs-Appellants,</u><br><br>v.<br><br>LONG DISTANCE SERVICES, INCORPORATED, a/k/a Long Distance Service of Washington, Incorporated; RICHARD J. RICE,<br><u>Defendants-Appellees.</u> | No. 95-2743 |
| FRONTIER COMMUNICATIONS OF THE MID ATLANTIC, INCORPORATED, formerly known as Mid Atlantic Telecom, Incorporated; WALTER C. ANDERSON,<br><u>Plaintiffs-Appellees,</u><br><br>v.<br><br>LONG DISTANCE SERVICES, INCORPORATED, a/k/a Long Distance Service of Washington, Incorporated; RICHARD J. RICE,<br><u>Defendants-Appellants.</u> | No. 95-2744 |

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-92-370-K)

Argued: July 8, 1996

Decided: September 4, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.*

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Harry Martin Rifkin, LEVIN & GANN, P.A., Baltimore, Maryland, for Appellants. Michael R. Lewis, JAMES & HOFFMAN, P.C., Washington, D.C., for Appellees. **ON BRIEF:** Edgar N. James, JAMES & HOFFMAN, P.C., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiffs, Frontier Communications of the Mid Atlantic, Incorporated and Walter C. Anderson (collectively, "Mid Atlantic"), and Defendants, Long Distance Services, Incorporated and Richard J. Rice (collectively, "LDS"), cross appeal the judgment of the district court awarding damages and attorney's fees to Mid Atlantic. We affirm.

---

* Judge Williams participated in the hearing of these appeals at oral argument but recused herself prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C.A. § 46(d) (West 1993).

2

In 1992, Mid Atlantic brought this action, alleging that LDS and its president violated and conspired to violate provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO). <u>See</u> 18 U.S.C.A. § 1962(a), (c)-(d) (West 1984 & Supp. 1996). Mid Atlantic based its claim on LDS' use of a computer program that randomly added additional time to the telephone calls of LDS' customers, enabling the company to offer artificially lower rates than its competitors. This was intended to and did entice customers to change to LDS as their long-distance service provider. The district court granted summary judgment in favor of LDS without permitting Mid Atlantic to engage in discovery. In a prior opinion, this court vacated the grant of summary judgment and remanded for further proceedings. <u>See Mid Atlantic Telecom, Inc. v. Long Distance Servs., Inc.</u>, 18 F.3d 260 (4th Cir.), <u>cert. denied</u>, 115 S. Ct. 323 (1994).

Following remand, the parties proceeded to trial before the district court. The lower court found that LDS had indeed engaged in the scheme alleged and that Mid Atlantic had lowered its rates in some instances as a result of LDS' fraudulent representations. The court further found that Mid Atlantic was injured in the amount of $17,210.31 as a result of LDS' RICO violation and then trebled that amount. <u>See</u> 18 U.S.C.A. § 1964(c) (West Supp. 1996). And, the district court also assessed damages against LDS on Mid Atlantic's state-law claims of unfair competition and tortious interference with contract. Finally, the court awarded reasonable attorney's fees to Mid Atlantic. <u>See id.</u>

Both parties appeal from the judgment of the district court, raising numerous errors. After carefully considering the arguments and briefs of counsel and reviewing the record, we affirm the judgment of the district court. <u>Frontier Communications of the Mid Atlantic, Inc. v. Long Distance Servs., Inc.</u>, No. 92-370 (D. Md. Aug. 24, 1995).

<u>AFFIRMED</u>

3